# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAMON HEMINGWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV953 TIA |
| ) | |
| UNKNOWN IMMEKUS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, a former inmate, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the filing fee and will grant plaintiff's motion to proceed in forma pauperis. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to file an amended complaint

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, a former inmate in the Missouri Correctional System, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff has named thirty-four (34) defendants in this action, and all appear to be current or former employees of the Missouri Department of Corrections ("MDOC").

Plaintiff's complaint lists a myriad of allegations against defendants, which purportedly occurred at three different MDOC facilities: Missouri Eastern Correctional Center ("MECC"); Potosi Correctional Center ("PCC"); and Farmington Correctional Center. The majority of his claims relate to what he believes to be unconstitutional conditions of confinement in violation of the Eighth Amendment. Plaintiff also complains about dietary issues relative to his incarceration in the Missouri Department of Corrections, and he believes that defendants have been deliberately indifferent to his serious medical needs. Plaintiff asserts that he was fed pork by defendants when he was not supposed to be given pork. (Plaintiff does not state why he preferred not be given pork - if it was in relation to a religious preference or allergy or if he simply did not like the taste.) Plaintiff additionally claims that during various times and at various facilities in the Missouri Department of Corrections he was given peanut butter even though he was allergic to peanut butter. Plaintiff claims that he was given peanut butter on so many different occasions and that correctional officers failed to offer him a substitute meal at so many different times that he lost more than thirty

pounds as a result of defendants' failure to adhere to his dietary restrictions. He claims that the correctional officers said he was on a "hunger strike" but in reality they were refusing to provide him substitute meals.

Plaintiff further alleges that he was placed, sometimes voluntarily, sometimes involuntarily, on "suicide watch" for approximately twenty-one (21) days and he was not given a shower during this time period. Plaintiff complains that during three (3) of these days he was placed in a dirty cell, with urine and feces on the floor, and no running water, and he was not given any cleaning supplies to clean his cell. He states that he was suffering from several rashes on his body and complained that he was in need of medical care and a shower but that he was denied both by defendants.

Plaintiff complains that defendants failed to provide him with medications that he was prescribed when he was transferred from one institution to another. In this way, plaintiff believes that defendants were deliberately indifferent to his serious medical needs - specifically his mental health needs.

Plaintiff claims that he sought grievance forms on several different occasions but was denied the forms each time. He claims he was not given the forms until he was given an "unwarranted conduct violation" on February 23, 2012, by defendant Link. Defendant asserts that Link "conspired" with his parole officer to get his parole date "taken away" eight days before he was to make parole.

Plaintiff seeks both monetary damages and injunctive relief in his complaint.

**Discussion**

Rule 18(a) of the Federal Rules of Civil Procedure states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

As such, multiple claims against a single party are valid. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

For the most part, however, the instant action presents a case involving multiple claims against, not one, but thirty-four (34) defendants. Indeed, it appears that plaintiff is attempting to cram almost every claim he might have ever had against the thirty-four (34) defendants into one lawsuit. Such pleading practices are not allowed. Federal Rule of Civil Procedure 20(a)(2) is controlling and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of

different occurrences or transactions.  In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." Id.

Because plaintiff is proceeding pro se and in forma pauperis, the Court will give him an opportunity to file an amended complaint in this action.  In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to the defendant(s) involved in said occurrence.  Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other.  See Fed.R.Civ.P. 20(a)(2).  Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single individual.  See Fed.R.Civ.P. 18(a).

Plaintiff is reminded that he is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules

of Civil Procedure.  Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated.  If plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated.

     The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances.  If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim."  Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time.  Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this

Court reviews. See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).

If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim(s) on a separate complaint form and either pay the $350 filing fee or file a motion for leave to proceed in forma pauperis. In anticipation of such an occurrence, the Court will instruct the Clerk to provide plaintiff with the appropriate blank forms for filing a complaint and motion to proceed in forma pauperis. Because each complaint would be filed as a new action, plaintiff should not put a cause number on the new complaint(s). The Clerk of Court will assign a cause number to each new action.

Lastly, plaintiff's request for appointment of counsel will be denied at this time, without prejudice, as the Court does not believe that the factual and legal issues involved in this action are complex, and it is not yet apparent whether plaintiff has presented non-frivolous allegations supporting his request for relief. See, e.g., Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [Doc. #2 and #8] are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff five blank form complaints for the filing of a civil rights complaint, as well as five blank form motions for leave to proceed in forma pauperis. Plaintiff may request additional forms from the Clerk, as needed.

Dated this 14th day of December, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE